The Honorable Terry Smith State Senator 101 Hal Court Hot Springs, AR 71901
Dear Senator Smith:
I am writing in response to your request for my opinion on the following question:
 Pursuant to A.C.A. § 16-81-106(g), are U.S. Forest Service law enforcement officers and investigators empowered to act as officers for the arrest of offenders against the laws of this state to the same extent and under the same circumstances as certified state law enforcement officers?
RESPONSE
In my opinion, the answer to this question is "no" with respect to Forest Service "law enforcement officers" and "yes" with respect to Forest Service "special agents."[1] Section 559c of title 16 of the United States Code authorizes the designation of up to 1,000 weapons-bearing "special agents and law enforcement officers" to serve in the Forest Service of the United States Department of Agriculture.[2] These special agents and officers are charged with enforcing the drug laws and making arrests for federal misdemeanor and felony violations "committed within the National Forest System or which affect the administration of the National Forest System." Id. Subsection 16-81-106(g) of the Arkansas Code invests "United States Department of Agriculture special agents" — a category that includes Forest Service special agents — with the authority "to act as officers for the arrest of offenders against the laws of this state." Subsection 559g(c) of the United States Code authorizes the Forest Service by memorandum of understanding or cooperative agreement to accept such a designation by a state government so long as the enforcement power granted "is mutually beneficial to the National Forest System and the cooperating agency or jurisdiction." My inquiries reveal that the Forest Service has entered into such memoranda of understanding with various local jurisdictions. However, because A.C.A. § 16-81-106(g) authorizes only Forest System special agents to enforce state law, I do not believe this enforcement authority can extend under current Arkansas law to the distinct category of uniformed Forest Service law enforcementofficers.
Subsection 16-81-106(g) of the Arkansas Code authorizes specified federal law enforcement officers "to act as officers for the arrest of offenders against the laws of this state. . . ." The list of authorized officers does not expressly designate officers of the U.S. Forest Service. The Arkansas Code Revision Commission Notes to A.C.A. § 16-81-106(g) contain the following summary of the pertinent legislative history:
 The title of Acts 1988 (3rd Ex. Sess.), No. 32, purports to amend § 16-81-106 by Allowing National Park Service officers and employees to arrest persons. Section 1 of the act grants arrest powers to officers of the Department of Interior, National Park Service. The emergency clause, however, states that, in addition to the National Park Service, law enforcement officers of the U.S. Forest Service should be given arrest powers. The U.S. Forest Service is under the Department of Agriculture.
 This section, as amended by Acts, 1989, No. 715, was repealed by identical Acts 1993, Nos. 362 and 436, § 2.
The final sentence of this summary is somewhat misleading.Act 715 of 1989 included no emergency clause and at no point mentioned Forest Service officers as authorized to make arrests for violations of Arkansas law. Section 3 of Act 715 further declared: "All laws and parts of laws in conflict with this act are hereby repealed." Consequently, the suggestion in the emergency clause of Act 32 of 1988 that Forest Service officers could make arrests for violations of state law on Forest System land was repealed as of the effective date of Act 715 of 1989. Acts 362 and 436 of 1993, which contain identical repealer clauses, likewise make no reference to Forest Service officers. No version of the statute, then, in effect from Act 715 of 1989 onward has specifically referenced U.S. Forest Service officers as having the authority to make arrests for violations of Arkansas law.
However, A.C.A. § 16-81-106(g)(9) does accord arrest authority for violations of state law to "United States Department of Agriculture special agents" — a category that I believe includes the "special agents" of the U.S. Forest Service authorized at 16 U.S.C. § 559c. My inquiries reveal that the Forest Service has accepted this designation in various jurisdiction by memoranda of understanding, as it is authorized to do pursuant to 16 U.S.C. § 559g. Accordingly, I believe these special agents are empowered to enforce state law on National Forest System or elsewhere in the state if doing would "affect the administration of the National Forest System." 16 U.S.C. § 559c. However, despite the fact that the designation of both Forest Service special agents and Forest Service law enforcement officers is authorized by the same statute,16 U.S.C. § 559c, only the former fall within the category of "United States Department of Agriculture special agents" authorized to make arrests pursuant to A.C.A. § 16-81-106(g). In my opinion, any extension of this authority to Forest Service law enforcement officers could be achieved only by legislative action.
Assistant Attorney General Jack Druff prepared the foregoing, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:JD/cyh
[1] Forest Service officials inform me that its "special agents" normally investigate such felonies as timber theft within the National Forest System, whereas its uniformed "law enforcement officers" normally patrol the National Forest System and enforce the misdemeanor laws.
[2] As the United States Supreme Court observed in Sierra Clubv. Morton, 405 U.S. 727, 748 n. 7 (1972):
 The Forest Reserve Act of 1897, 30 Stat. 35, 16 U.S.C. § 551, imposed upon the Secretary of the Interior the duty to "preserve the [national] forests . . . from destruction" by regulating their "occupancy and use." In 1905 these duties and powers were transferred to the Forest Service created within the Department of Agriculture by the Act of Feb. 1, 1905, 33 Stat. 628, 16 U.S.C. § 472.